IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHER DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

LISA A. BUTCHER, individually and as
Natural Guardian of JARON A. BUTCHER,
an infant,

        Plaintiff,

v.

        Civil Action No. 2:14-28979 _____
        Honorable _____, Judge

UNITED STATES OF AMERICA,

        Defendant.

## COMPLAINT

1.      Plaintiff, Lisa L. Butcher is the mother and natural guardian of Jaron A. Butcher.  Plaintiff brings these claims for relief, individually and for the benefit of Jaron A. Butcher, an infant.  Plaintiff is a citizen and resident of Fayette County, West Virginia.

2.      The Defendant the United States of America, through the U.S. Department of Health and Human Services, at all times alleged herein is the federal governing body responsible for controlling, supervising and managing the business affairs of its public health care provider, New River Women's Health and Birth Center.  Included within the duties and responsibilities of the U.S. Department of Health and Human Services is the oversight and supervision of its employee/agent physicians, employees/agent nurse midwife and other health care providers at New River Women's Health and Birth Center (hereinafter referred to as "New River".)

3.      The Federal Tort Claims Act, 28 U.S.C.S. § 1346(b) and §§ 2671-2680 provides that any action for medical malpractice against Public Health Service employees may

be filed against the United States of America once all administrative remedies have been exhausted.

4.      On April 22, 2014, the plaintiff Lisa L. Butcher submitted her Claim for Damage, Injury or Death to the U.S. Department of Health and Human Services, which is attached hereto as Exhibit 1.

5.      As of the filing of this Complaint, more than six months have elapsed since the plaintiff submitted her claim to the Department of Health and Human Services, and the plaintiff has not received a written denial from the agency.

6.      Plaintiff has complied with the filing requirements set forth in West Virginia Code §55-7B-6.

7.      Lisa L. Butcher was admitted to Raleigh General Hospital on August 16, 2003 for induction of labor by agents or employees of New River.

8.      During Lisa L. Butcher's labor, Jaron A. Butcher's fetal monitor demonstrated signs of non-reassuring fetal heart rate tracings.

9.      Agents and employees of New River managing Lisa L. Butcher's induction, labor and delivery, failed to timely recognize, treat and obtain proper consultation for signs of non-reassuring fetal heart rate tracing during Lisa L. Butcher's labor.

10.     Agents or employees of New River failed to timely deliver Jaron A. Butcher.

11.     The New River physician responsible for Lisa L. Butcher's labor and delivery, Dr. Christopher Wiltcher, failed to properly assess and evaluate Lisa L. Butcher during her labor and delivery of Jaron A. Butcher.  As a result of this physician and others at New River

failure to properly manage Lisa L. Butcher's labor on August 13, 2003, Jaron A. Butcher suffered inutero stress and was not timely delivered.

12.     As a result of the failure by Dr. Christopher Wiltcher and other agents or employees of New River to properly monitor labor, manage labor, recognize, treat and obtain proper consultation for signs of non-reassuring fetal heart rate tracings and failing to timely deliver Jaron A. Butcher, he suffered a permanent brain injury.

13.     New River's agents or employees, including Dr. Christopher Wiltcher, were negligent and practiced below the applicable standards of care in the medical treatment and care provided to Lisa L. Butcher and Jaron A. Butcher as aforesaid and are guilty of medical malpractice and negligence in their care, and lack of care and treatment of Lisa L. Butcher and Jaron A. Butcher.  The treatment and/or lack of treatment provided by Dr. Christopher Wiltcher and other agents or employees of New River, as outlined herein, was negligent and below the standard of care that an ordinary prudent physician or other health care provider would have exercised under like or similar circumstances.  The treatment and/or lack of treatment, provided by employees or agents of New River, as outlined herein, resulted in Jaron A. Butcher's permanent brain injury.

17.     The United State of America is liable for the negligence of its respective public health service employees who were the employees or agents of New River referenced herein.

18.     As a direct and proximate result of the negligence, carelessness, recklessness, incompetent management, willful lack of care, and deviation from the normal standard of medical care of the agents or employees of New River as stated herein, and others, plaintiff Jaron A. Butcher has suffered a severe permanent brain injury; will never be capable of

living independently; has incurred medical expenses in the past in the approximate amount of $250,000.00, and will do so in the future; has endured pain and suffering, both in the past and in the future; has sustained the total impairment of his capacity to enjoy life, and will continue to do so in the future; has sustained a total loss of earning capacity; has suffered mental anguish, both in the past and in the future; and has suffered aggravation, annoyance, and inconvenience, and will continue to do so in the future, and therefore seeks all damages allowed by law.

        19.     As a further and direct and proximate result of the negligence of the agents or employees of New River as stated herein, and others, plaintiff Lisa L. Butcher, and her husband, Jeffrey A. Butcher, have been deprived of the consortium, society and comfort of their son, Jaron A. Butcher and have suffered lost income to help care for their son.

PLAINTIFF DEMANDS A TRIAL BY JURY.

LISA L. BUTCHER, individually and
as Natural Guardian of JARON A. BUTCHER,

By Counsel

/Robert V. Berthold, Jr.
Robert V. Berthold, Jr. (WV #326)
Holly G. DiCocco (WV #8571)
BERTHOLD LAW FIRM PLLC
Post Office Box 3508
Charleston, WV 25335
(304) 345-5700 – Telephone
(304) 345-5703 – Facsimile
Counsel for Plaintiff